## IZARD COUNTY V. HUDDLESTON.

1. NEW TRIAL: *Defense prevented by unavoidable casualty.*
   The sickness of a County Judge preventing his attendance and defense of a suit against the county during the entire term of the Circuit Court, and the omission of the prosecuting attorney to defend on account of having been of counsel, and being a witness for, the plaintiff in the suit, do not constitute such a case of "unavoidable casualty or misfortune, preventing the party from appearing or defending," as is contemplated by sections 3596–98 of Gantt's Digest.

2. NEW TRIAL: *Statute to vacate judgments.*
   The statute to vacate judgments and grant a new trial (Gantt's Digest, section 3596), is in derogation of the common law, and also of the very important policy of holding judgments final after the close of the term, and unless a case be clearly within the spirit and policy of the act, the judgment should not be disturbed.

APPEAL from *Izard* County.

Hon. W. N. DYER, Special Judge.

*U. M. Rose*, for appellant :

Appellant had a good defense under *section 3576 Gantt's Digest.*

By *section 706 of Gantt's Digest*, the County Judge must defend on behalf of the county, and no other officer is entitled to defend for her.

*Section 3596 ib.*, provides that one of the grounds for vacating judgments shall be "unavoidable casualty or misfortune, preventing the party from appearing or defending." The petition alleges that the County Judge was unable to attend by reason of sickness, etc., and the judgment should have been vacated, so as to allow the county to set up her defense.

*Butler & Neill*, for appellee :

The presumption is that the judgment was legal and right, and supported by the evidence.

" A judgment shall not be vacated  *  *  *  until it is adjudged that there is a valid defense to the action," etc. (*Sec. 3599 Gantt's Digest.*) The petition does not set up any defense.

The absence of the County Judge is immaterial. There is no allegation that he intended to defend the suit, or that the county had any valid defense.

The prosecuting attorney was present, and it is part of his duties to defend suits against the county. *Gantt's Digest, sec. 4839.*

The petition does not come up to the requirement of the statute.

EAKIN J. The transcript upon this appeal includes three cases upon the docket of the Circuit Court. The proceedings, in all, make one history of the same subject-matter, and they all rest upon the same point.

Winnowed of all unimportant matters the transcript shows the following facts :

1. NEW TRIAL: Defense prevented by unavoidable casualty.

Appellee, as Sheriff of the county, presented for allowance to the County Court, a claim for $528.15. It was allowed for $368, and disallowed as to the balance. He appealed to the Circuit Court.

When the case was reached upon the docket of the Circuit Court, the County Judge did not appear. The prosecuting attorney being present, declined to defend. The plaintiff demanded a trial, and submitted his case to the court, which heard the evidence and rendered judgment in his favor, for the sum of $160.15, it being as expressed " that part which was rejected by the County Court." This was certified to the County Court, which still refusing to allow it, the plaintiff obtained an alternative mandamus to the judge, which was continued during the subsequent proceedings.

Afterwards the county instituted proceedings in the Circuit Court, by complaint and summons, under sections 3596–98 of Gantt's Digest, to vacate the judgment, and have a new trial. These sections provide that this may be done, amongst other causes, "for unavoidable casualty or misfortune, preventing the party from appearing or defending." To this complaint a demurrer was sustained, and the application to vacate the former judgment refused, and from this the county appealed. All other questions in the record depend upon the correctness or error of the order sustaining the demurrer. If the court did not err, then it becomes the duty of the County Court to make the additional allowance. It has in that case no option, and may be compelled to do so by mandamus.

In the progress of the causes, both the original complaint and a substituted copy of it were lost. A second substituted copy was, by leave, filed at the June term, 1880. In that we find it alleged, for cause of vacating the judgment, that " during the entire term of the Circuit Court of Izard County, at which said judgment by default was rendered, the * * * then judge of the County Court of Izard County, was confined to his home, some fourteen miles from the county site of Izard County, by sickness, and was wholly unable to attend," " or take steps necessary to make defense."

An amendment to this original complaint which had been filed at the December term, and which does not appear to have been lost, set forth that when the case was called, the prosecuting attorney stated to the court that he was a material witness for Huddleston, from having given him advice concerning the matters in litigation, and that by leave of court, he declined officially to appear for the county, stating further to the court, that he did not know the reason of the absence of the County Judge.

The twenty-eighth section of the act of April 3, 1873, being section 706, of Gantt's Digest, made it the duty of the President of the Board of Supervisors to defend appeals like this, and authorized the Board to make appropriations for the expenses of the defense. If, upon change of courts, this duty devolved upon the County Judge, which we do not now question, it was not a duty requiring his personal appearance as an attorney. He must simply see to it, that a proper defense is made. In doing which, he is instructed by the law that the duty devolves on the prosecuting attorney of the district to appear as attorney (*ib.*, *sec. 4839*), and he should take care that the said officer be furnished with all information, and instructions for an effective defense. If he had done that, unless he were required as a witness, his absence from court was of no consequence. The complaint does not state that he did that, or was prevented from doing it, or ever attempted or meant to do it. It simply says that during the term he was prevented from attending court or making defense. It was the duty of the prosecuting attorney to appear for the county. If from delicacy, being a witness for appellant, he chose to decline making any defense, he should have seen to it beforehand, both he and the County Judge, that some proper defense was prepared. The complaint does not show a case of " unavoidable casualty or misfortune, preventing the party from appearing *or defending*." The judge certainly, and the prosecuting attorney most probably, knew of the appeal when taken. The appellant had the right to expect they would follow it to the Circuit Court, and ought not to be defeated of his right to a hearing, and of the benefit of his judgment on such showing.

2. Statute in derogation of common law.    The statute to vacate judgments by this proceeding is in derogation not only of the common law, but of the very important policy of holding judgments final after the close

of the term.   Citizens must have some confidence in the judgments of our judicial tribunals, as settlements of their controversies, and there should be some end to them. Unless a case be clearly within the spirit and policy of the act, the judgment should not be disturbed.   There should exist either some fact enumerated in the act, as a cause, or a strong equity, embraced in the clause above quoted.

The grounds of defense alleged were, that the allowance was excessive, being for a greater number of guards than the law permitted.   We are not prepared to say that the County Court is prohibited from allowing a Sheriff compensation for more than three guards a day, in an important and exceptional case, but it would be premature to discuss that.   The complaint did not show grounds to vacate the judgment.

Affirmed.