TRUMBULL *v.* HARRIS.

## Opinion delivered October 19, 1914.

1. JUDGMENTS—MOTION TO VACATE—DILIGENCE.—A judgment will not be vacated, where the party against whom it has been rendered fails totally to show legal diligence.

2. TRIAL—ABSENCE OF PARTY—DUTY TO ATTEND.—It is the duty of a party to an action to attend court on the day of trial either in person or by attorney, and when defendant was present, neither in person or by attorney, although he knew the date of trial, a default judgment against him will not be set aside.

3. TRIAL—DUTY OF PARTY TO ATTEND—JOINT DEFENDANT.—When A. and B. are joined as defendants in an action, A. can not rely upon B. to defend for him, and a default judgment against A. will not be set aside, when A. totally fails to show legal diligence.

4. TRIAL—DILIGENCE—DUTY OF LITIGANT.—It is the duty of a litigant to keep himself informed of the progress of his case, and a party seeking relief against a judgment on the ground of unavoidable casualty or misfortune, preventing him from defending, must show that he himself is not guilty of negligence, and he can not have relief if the taking of the judgment appears to have been due to his own carelessness..

5. RES ADJUDICATA—DEFAULT JUDGMENT—LEGAL DILIGENCE.—Defendant in an action suffered a default judgment to be taken against him. He filed a motion for a new trial, setting up his defense. The motion was denied and an appeal from that order was dismissed. *Held,* the matter will be treated as *res adjudicata* where defendant later moved to vacate the judgment against him.

Appeal from Montgomery Circuit Court; *Calvin T. Cotham,* Judge; affirmed.

*H. A. King* and *J. I. Alley,* for appellant.

1. The judgment should have been vacated for unavoidable casualty and misfortune. Kirby's Digest, § 4431, subdiv. 417; 23 Cyc. 943, 2 Oh. Dec. 64-5; 97 Ark. 117; 85 *Id.* 385; 59 *Id.* 162. The way the judgment was obtained has every ear-mark of *legal* fraud. 102 Ark. 669.

2. The question is not *res adjudicata.* 52 Ark. 316. The proceeding is an independent action under section 4433 Kirby's Dig., subdiv. 4-7, 4434; 89 Ark. 163; 3 Oh. St. 445. An appeal to the Supreme Court and affirmance of the judgment does not preclude a proceeding to vacate. 95 Ark. 308.

3. Appellant was not guilty of negligence in not starting earlier. A wreck and missing connections, over which he had no *control,* caused the delay. 85 Ark. 385; 97 *Id.* 117; 59 *Id.* 162.

*Pole McPhetridge, James S. Steel, J. S. Lake* and *James D. Head,* for appellees.

1. No showing of unavoidable casualty is made. 23 Cyc. 943; 97 Ark. 117; 43 Ark. 107; 93 *Id.* 462; 39 *Id.* 107.

2. There is no question of fraud in the procurement of the judgment. 104 Ark. 450; 83 *Id.* 508; 73 *Id.* 286.

3. The question of *res adjudicata* is not presented on this appeal. Trumbull, to say the least, was guilty of gross negligence.

HART, J. This is a proceeding by M. C. Trumbull under the seventh subdivision of section 4431 of Kirby's Digest to set aside, after the expiration of the term, a judgment by default which had been rendered against him in favor of William Harris. The facts are as follows:

In 1907 M. C. Trumbull and A. Danville were partners under the style of Trumbull-Danville Lumber Company and they entered into a contract with William Harris to cut a tract of timber which they owned. Harris sued them for a breach of the contract. The Bear State Lumber Company, a corporation, had absorbed the assets of the Trumbull-Danville Lumber Company and was later made a party defendant to the action. The case progressed to judgment against all of the defendants and judgment was rendered in the circuit court against them in favor of the plaintiff Harris. The case was appealed to the Supreme Court and in an opinion delivered March 18, 1912, the judgment was reversed and the cause remanded for trial. After the case was remanded it was set for trial on the calendar of the Montgomery Circuit Court at its August term, 1913, which term began on the 4th day of August.

Some time between the 13th and 22d day of July, 1913, M. C. Trumbull went to the State of New York to

visit his father. On the 10th day of August, 1913, he wired the attorney of the Bear State Lumber Company to telegraph him at once if it was necessary for him to return to Arkansas for the Harris trial. He left next day for Mount Ida, the county seat of Montgomery County, but, on account of being delayed by a freight wreck at a point in Illinois, he missed his connection and did not reach Mount Ida until the 15th of August. The circuit court adjourned on the 15th and judgment by default had been rendered against him in favor of Harris on the 14th of August. The Bear State Lumber Company was represented by an attorney, but the plaintiff Harris dismissed his cause of action against it and took judgment by default against Trumbull.

Trumbull testified that is was sixteen hundred miles from Bath, New York, to Mount Ida, of Montgomery County, Arkansas; that if he had not missed his connection he would have arrived at Womble at noon on the 14th of August; that Womble was only nine miles from Mount Ida; and that he could have appeared there that afternoon for the trial, the case being set for trial on that day. He also stated that he did not know that court convened until the 14th day of August, which was on Thursday. He said that he was delayed in New York on account of the illness of his father who was a very old man and had been injured by a speeder striking him while on the railroad track. He also testified to a state of facts to show that he had a meritorious defense to the action brought against him.

On the other hand, the manager of the Bear State Lumber Company testified in favor of William Harris substantially as follows: I have been manager of the Bear State Lumber Company since August, 1909. Prior to that time M. C. Trumbull was its manager and owned stock in it. When I became manager Trumbull sold his stock and retired from the company. I retained the same lawyers who had been employed in the case of *Harris* v. *Trumbull-Danville Lumber Company* and the *Bear State Lumber Company*. In the summer of 1913 Trum-

bull was talking about going to New York to visit his father, and I told him that he was a party to the Harris suit and that he could not afford to go away and not be present at the trial. I further told him that Harris had said to me that if he obtained judgment he was going to get as much out of Trumbull as he possibly could and then call on the Bear State Lumber Company for the balance. I insisted on his remaining here for the trial. He told me that he had made his arrangements to go away and that he would not remain.

On July 24, Trumbull wrote one of the attorneys for the Bear State Lumber Company that he had received his letter of the 17th of that month and asked him if he could not have the Harris case continued until the next term, or, if he could not do that, if he could not take his deposition in the case as he did not want to come back to Arkansas until about the middle of September.

One of the attorneys for the Bear State Lumber Company also told Trumbull, before he went to New York, that he would be needed at the trial. Trumbull asked him if he could not take his deposition and the attorney replied that he could not, that his presence would be necessary.

It was also shown in evidence, in behalf of Harris, that when Trumbull arrived at Mount Ida on the 15th day of August before the court adjourned he was permitted to file a motion for a new trial and in that motion he set up all the things which appear in the record in the present suit and proved substantially the same facts in regard to his absence that are now proved. The court refused to grant him a new trial. He appealed to the Supreme court, and in January, 1913, the Supreme Court dismissed his appeal.

Upon this record the circuit court made a finding in favor of Harris, and Trumbull has appealed to this court from the judgment dismissing his application to set aside the judgment which was rendered against him in favor of Harris at the August, 1913, term of the Montgomery Circuit Court.

(1) The decision of the circuit court was right. The evidence shows that Trumbull was a party defendant to the action instituted by Harris, that he was present when the case was first tried, that he was informed that he would be needed at the trial in August, 1913, and that he was distinctly told that his deposition could not be used but that his presence at the trial would be required. He admits that he knew the case was set for trial on the 14th day of August and, according to his own showing, if he had made all connections he could not have arrived in time to have been present at the trial until the afternoon of that day. He knew that it was a long journey where he had to make railroad connections; that there would likely be some delay in making the trip. He simply neglected to attend the trial and it is well settled that judgments will not be vacated where there is a total absence of legal diligence.

(2-3) We have frequently said that it is the duty of suitors to attend court in person or to be represented by an attorney. Trumbull, although he knew this case stood for trial, was present neither in person nor by attorney, and he can not now complain that judgment by default was rendered against him. It is true that the Bear State Lumber Company was also a party defendant to the action but he had no right to rely on that company to make a defense for him. It did not promise to do so, but, on the other hand, notified him in advance that his presence would be necessary and urged him to be present.

His visit to New York was not occasioned by his father being struck by a speeder. He had determined to make the visit before that occurred and the accident that happened to his father was in no wise responsible for his visit.

(4) It is the duty of a litigant to keep himself informed of the progress of his case and a party seeking relief against a judgment on the ground of unavoidable casualty or misfortune preventing him from defending must show that he himself is not guilty of negligence and

he can not have relief if the taking of the judgment appears to have been due to his own carelessness. *Hanna* v. *Morrow,* 43 Ark. 107; *Corney* v. *Corney,* 97 Ark. 117; *Weller* v. *Studebaker,* 93 Ark. 462; *Izard County* v. *Huddleston,* 39 Ark. 107.

In the case last cited the court said: "The statute to vacate judgments by this proceeding is in derogation not only of the common law, but of the very important policy of holding judgments final after the close of the term. Citizens must have confidence in the judgments of our official tribunals as settlements of their controversies and there should be some end of them. Unless a case be clearly within the spirit and policy of the act, the judgment should not be disturbed."

(5) In addition to this, it will be noted that when the defendant returned to Mount Ida on the day court adjourned, he was permitted to file a motion for a new trial and to set up and prove all the matters that he now relies upon to have the judgment vacated. The court denied his motion for a new trial and he appealed to the Supreme Court. The Supreme Court dismissed his appeal. So the matter is now *res adjudicata.*

The judgment will be affirmed.