## CADY *v.* PACK.

### Opinion delivered September 30, 1918.

1. JUDGMENT—OPENING OR VACATING—CASUALTY OR MISFORTUNE.— Under Kirby's Dig., § 4431, providing that a court in which a judgment or final order has been rendered shall have power, after the expiration of the term, to vacate or modify such judgment or order "for unavoidable casualty or misfortune preventing the party from appearing or defending," a petition to set aside a judgment by default alleging that an answer setting up a meritorious defense had been filed in apt time by petitioner in the case wherein default judgment was taken and was thereafter lost or mislaid, alleges a casualty or misfortune within the above statute.

2. APPEAL AND ERROR—CONCLUSIVENESS OF JUDGE'S FINDING.—Where the law makes the trial judge the trier of facts in cases to which the constitutional right of jury trial does not apply, the same presumption of conclusiveness attends his finding as when a jury is waived by the party.

3. FORCIBLE ENTRY AND DETAINER — MERITORIOUS DEFENSE. — An answer in an action of forcible entry and detainer which alleges that defendant was in possession under a three years' lease executed by a former owner of the land and that plaintiff purchased with notice of defendant's rights, states a meritorious defense.

Appeal from Jefferson Circuit Court; *W. B. Sorrels,* Judge; affirmed.

*Rowell & Alexander,* for appellant.

1. The court erred in setting aside the judgment. No fraud is shown, nor unavoidable casualty or misfortune. Kirby's Digest, § 4431, par. 7; *Ib.* § 4433; 39 Ark. 107; 93 *Id.* 462. Mere negligence of one's attorney is not sufficient. 104 Ark. 45.

2. The party must show that he was not guilty of negligence or carelessness. 114 Ark. 493. Due service was had and notice given. 106 *Id.* 230.

3. While the court has power to vacate a judgment after expiration of term, under Kirby's Digest, § § 4431-3, there was a sufficient showing made here. 122 Ark. 75; 5 *Id.* 186; 129 *Id.* 143.

4. This is not an appeal from a motion for new trial but from an order setting aside a judgment by default. 105 Ark. 524; 104 *Id.* 45; 89 *Id.* 160. The showing by appellee was not sufficient.

*H. K. Toney,* for appellee.

1. The court has power to set aside judgments by default. 63 Ark. 325.

2. A proper showing was made and a meritorious defense set up. 112 Ark. 562; 117 *Id.* 501; 125 *Id.* 398. The judgment was properly set aside and the judgment below should be affirmed. Kirby's Digest, § 1188.

HUMPHREYS, J. This proceeding was instituted in the Jefferson Circuit Court to vacate a default judgment rendered against appellee in favor of appellant on the 25th day of February, 1918, in a suit in forcible entry and detainer of certain real estate wherein appellant was plaintiff and appellee was defendant. Appellee alleged in the complaint to vacate the default judgment that prior to the rendition thereof he filed an answer setting up a meritorious defense with the clerk of the court which was misplaced or lost and not noted on the docket, and that through this unavoidable casualty and misfor-

tune he was prevented from appearing and defending against the judgment; that the lost or misplaced answer contained a denial of all the material allegations in the original complaint for forcible entry and unlawful detainer of said real estate, and, in addition thereto, alleged that in January, 1916, appellee entered into a contract with R. M. Oats, who at the time owned said property, for the rent of said lands for a period of three years in consideration of appellee agreeing to clear and put in a state of cultivation said lands, and that in keeping with said agreement appellee entered upon said lands and performed his agreement by clearing and putting into cultivation said lands; that appellant purchased said real estate with full notice of and subject to the rights of appellee.

In apt time appellant filed his response to the complaint to set aside said judgment, in which he placed in issue all the allegations therein.

On April 26, 1918, the cause was submitted to the court upon the pleadings and affidavits filed by the respective parties which were treated as evidence, upon which the court rendered a decree setting aside the default judgment of date February 25, 1918.

Proper steps were taken, and an appeal has been prosecuted to this court seeking to reverse the judgment of the court setting aside said default judgment.

The substance of the testimony offered by appellee was that, immediately upon being summoned in the forcible entry and unlawful detainer suit, he employed H. K. Toney to file an answer for him; that H. K. Toney dictated the answer to his stenographer, Miss Isabel Woodard, in appellee's presence, and that after the answer was prepared his attorney, H. K. Toney, carried it to the courthouse and filed it in the clerk's office within the time required by law.

The substance of the evidence offered by appellant was that no answer was filed by appellee in the forcible entry and unlawful detainer case prior to the rendition of the default judgment therein.

The power to vacate or modify judgments after the expiration of the term at which judgments are rendered is conferred upon courts in this State by sections 4431-3, Kirby's Digest, for reasons set out in the several subdivisions contained in said section 4431. The seventh subdivision of said section authorizes the court in which a judgment has been rendered to vacate it "for unavoidable casualty or misfortune preventing the party from appearing or defending."

It is insisted by appellant that appellee did not show an unavoidable casualty or misfortune which would prevent him from defending the cause. Had an answer been present in court at the time of the rendition of the decree, no default judgment could have been rendered. The absence of an answer enabled appellant to procure the default judgment. The loss or misplacement thereof prevented appellee from defending the suit upon the issues joined. The court is of opinion that the loss thereof was a casualty or misfortune within the intent of the statute aforesaid.

But it is said by appellant that appellee utterly failed to prove that he filed an answer. We think appellant is mistaken in this assertion as the attorney for appellee testified that he dictated the answer to his stenographer and after same was prepared he at once carried it to the courthouse and filed it in the clerk's office. It is said that filing an instrument in the clerk's office does not necessarily mean that it was given to the clerk or one of his deputies in the office for the purpose of filing same. We think the only natural conclusion from the language used by the witness is to say that his testimony was to the effect that he placed it in the hands of the clerk or one of his deputies to file it. It is true that the clerk and all of his deputies gave quite positive testimony to the effect that no such answer was filed in the case of appellant against appellee, but this court is not called upon to pass upon the weight of this evidence. Where circuit courts are required by law to pass upon questions of fact, the findings are as conclusive on appeal as the verdicts of juries. In

rendering the judgment setting aside the default judgment, the court necessarily found on conflicting evidence that appellee filed an answer in the suit for forcible entry and unlawful detainer in which the default judgment was rendered. The finding of the court is sustained by sufficient substantial evidence and is conclusive on appeal under the well established rule in this court to the effect that "where the law makes the trial judge the trier of facts in cases to which the constitutional right of jury trial does not apply, the same presumption attends his finding as when a jury is waived by the party." *Jones* v. *Glidewell*, 53 Ark. 161; *Schuman* v. *Sanderson*, 73 Ark. 187; *Williams* v. *Buchanan*, 86 Ark. 259; *Matthews* v. *Clay County*, 125 Ark. 136.

Again, it is contended by appellant that appellee failed to set up a meritorious defense to the cause of action. The answer denied that appellee forcibly entered and unlawfully held the land in question, but asserted the fact to be that R. M. Oats owned the land in January, 1916, and leased it to him for a period of three years in consideration of appellee agreeing to put same into a state of cultivation and that, in pursuance of said agreement, he entered upon said land and performed his agreement by putting same in cultivation and that thereafter D. B. Niven purchased the land from R. M. Oats and that T. F. Cady purchased same from D. B. Niven, both of whom at the time of their respective purchases had notice of the rights of appellee in the land by virtue of his lease of said lands from R. M. Oats.

These allegations constitute a meritorious defense to the cause of action for forcible entry and unlawful detainer of said lands.

No error appearing in the record, the judgment is affirmed.