COLE *v.* STATE.

Opinion delivered June 21, 1920.

1.  INTOXICATING LIQUORS—SUMMARY SEIZURE AND DESTRUCTION.—The
    statute providing for the summary seizure and destruction of in-
    toxicating liquors kept in a prohibited district to be sold con-
    trary to law is valid and does not contemplate a jury trial in a
    proceeding to condemn and destroy such liquors.

2.  TRIAL—DUTY OF LITIGANT TO ATTEND HEARING.—It is the duty of
    a litigant to keep himself informed of the progress of his case,
    and a party seeking relief against a judgment upon a ground of
    unavoidable casualty in not attending the hearing must show
    that he himself was not negligent; and where a case was regu-
    larly set for trial at 8:30 a. m. it is not sufficient to show that
    appellant and his attorney understood that the case was set for
    a later hour.

Appeal from Sebastian Circuit Court, Fort Smith
District; *John Brizzolara,* Judge; affirmed.

STATEMENT OF FACTS.

This appeal involves the validity of a judgment of
the circuit court adjudging that ten gallons of alcohol
in the possession of the sheriff of Sebastian County,
Arkansas, and claimed by W. H. Cole, be publicly de-
stroyed by the sheriff.

It appears from the transcript that the cause was
specially set for hearing in the circuit court at 8:30 a. m.
on November 17, 1919, and that the defendant was noti-
fied of the setting of the case for that time. When the
case came on to be heard, the defendant and his counsel
were separately called, but neither made any appear-
ance in the proceeding. The prosecuting attorney
on behalf of the State introduced evidence tending to
show that the ten gallons of alcohol had been taken by
the sheriff from the possession of W. H. Cole, and that
said Cole kept alcohol to be sold contrary to law. The
alcohol was destroyed by the sheriff in compliance with
the order of the circuit court.

Subsequently, at the same term of the court, the de-
fendant filed a motion for a new trial, in which he set
up that he had been charged with the illegal sale of in-

toxicating liquors and had been acquitted of the charge; that the alcohol had been seized by the sheriff and that the case, in so far as the seizure of the alcohol was concerned, had been continued several times at the instance of the prosecuting attorney, and at each time the case had been set for 1 o'clock p. m.; that the case had been finally set for November 17, 1919, and that both Cole and his attorney understood that it was set for 9 o'clock a. m.; that the attorney of Cole resided near the courthouse and came there at 8:40 o'clock a. m. on the morning in question for the purpose of appearing for Cole in the case; that when he arrived the case had been disposed of and the alcohol ordered destroyed; that the sheriff complied with the order of the circuit court as soon as it was made, and immediately publicly destroyed the alcohol; that both Cole and his attorney understood the proceeding to be set for trial in the circuit court at 9 o'clock a. m. on the day of November 17, 1919. The case is here on appeal.

*J. E. London,* for appellant; *T. S. Osborne,* of counsel.

After continuing the case three times, court convenes at 8 a. m. and calls the case one hour in advance of the regular time for calling cases for trial and in the absence of defendant and counsel. This practice of railroading a case through court shocks one's sense of justice and right. The court arrogated to itself the right to hear the case without a jury and without the consent of the parties, and clearly violated Kirby's Digest, § 7609. The court tried the case *de novo* upon purely hearsay testimony. Not one word of competent evidence was heard, yet the alcohol was destroyed, when all the court had to do was to give appellant the right to be heard, and appellant would have proved that he was a druggist and doing a legitimate business. The judgment should be reversed, as the court's action was a violation of appellant's rights and contrary to law and the evidence, and shocks one's sense of justice.

*John D. Arbuckle,* Attorney General, and *Silas W. Rogers,* Assistant, for appellee.

1. Appellant had "his day in court," as the record conclusively shows, and the alcohol was properly ordered destroyed. A verdict of guilty for selling liquor contrary to law is not a condition precedent to the order to destroy the liquor. Under the statute no trial by jury is necessary, but appellant can not be heard to complain, as he did not appear for trial at the time set for hearing and demand a jury. The court granted the order of destruction after hearing the statements of the prosecuting attorney, sheriff and witnesses under oath, and the law authorizing the destruction was fully complied with.

2. But for argument, granting that the trial judge did overstep his authority in ordering the destruction of the alcohol, where is the remedy? The alcohol can not be restored, and this court can not enter judgment against anyone for the loss. Neither the judge, sheriff, or prosecuting attorney, are liable for reimbursement for the loss. No inalienable rights of appellant have been violated, but if injustice was done under this appeal this court is powerless to enforce any remedy.

HART, J. (after stating the facts. It may be stated at the outset that the court has held valid our statute providing for the summary seizure and destruction of intoxicating liquors kept in a prohibited district to be sold contrary to law, and that the act does not contemplate a trial by jury in a proceeding to condemn and destroy such liquors. *Kirkland* v. *State,* 72 Ark. 171.

It appears from the bill of exceptions that the case was specially set for 8:30 a. m. on November 17, 1919, and that it was heard and determined at that time. It is true that, according to the affidavits of Cole and his attorney, they understood that the case was set at a different hour on that day, but these affidavits were not sufficient to conclusively overcome the recital in the bill of exceptions that the case had been specially set for 8:30 a. m.

The court overruled Cole's motion for a new trial because it did not state the facts, and it can not be said that the finding of the court in this respect is without evidence to support it. The case was brought regularly on for trial and was regularly submitted for decision. It is the duty of a litigant to keep himself informed of the progress of his case, and the party seeking relief against a judgment on the ground of unavoidable casualty must show that he himself is not guilty of negligence. *Trumbull* v. *Harris,* 114 Ark. 493.

As above stated, the testimony of Cole and his attorney to the effect merely that they understood the case was set for a later hour does not conclusively overcome the recital in the bill of exceptions that the case was specially set for trial at 8:30 a. m.; and it can not be said, therefore, that the judgment of the court in overruling Cole's motion for a new trial is not without evidence to support it.

Therefore, the judgment will be affirmed.

HUMPHREYS, J., not participating.