## AWBREY *v.* HOOPES.

### Opinion delivered October 25, 1920.

JUDGMENT—MOTION AT SUBSEQUENT TERM TO VACATE DEFAULT.—Where appellant, sued in the circuit court, was served with summons, and before court convened his attorney mailed to the clerk a motion to make the complaint more definite and certain, but such motion was never docketed or called to the court's attention, it was not error to deny a motion to set aside a default judgment filed after expiration of the term at which it was rendered, where the complaint stated a cause of action, and it was not shown that defendant or his attorney attended court or called the attention of the court to the motion, and where defendant was advised of the rendition of the default judgment against him while the court was in session, but took no action until two months after the term.

Appeal from Logan Circuit Court, Northern District; *James Cochran,* Judge; affirmed.

*E. H. McCulloch,* for appellant.

The judgment by default should have been set aside (1) because it is shown by the petition and affidavit that defendant had a good defense to the suit on its merits; (2) because defendant filed a motion to require plaintiff to make his complaint more definite and certain, and said motion was pending when the judgment was rendered, and it was error to enter the default judgment until the motion was duly passed upon by the court and defendant given an opportunity to present his answer and defense. 23 Cyc. 750; 25 Ark. 623; 23 *Id.* 18; 7 *Id.* 256; 6 *Id.* 552; 4 *Id.* 526, and many others. See, also, 89 Ark. 351; 23 Cyc. 751; 89 Ark. 359; 4 Okla. 713; 84 Fed. 228; 13 Col. 444; 8 Mont. (La.) (N. S.) 118; 18

La. Ann. 629; 26 *Id.* 730; 8 Col. 188; 9 *Id.* 597; 33 Ill. 209; 35 Md. 169; 161 Mass. 173; 16 Minn. 81; 9 Mo. 643; 22 Wend. (N. Y.), 633; 14 Ore. 454; 42 Iowa, 542; K. & C. Dig., § 5160, and (3) the motion to require plaintiff to make the complaint more definite and certain was a virtual denial of plaintiff's cause of action. 4 Ark. 534, 574, 440; 9 *Id.* 358; 90 *Id.* 158; 68 Minn. 1; 57 N. Y. S. 760. Mere failure of defendant to appear when his plea is on file will not entitle plaintiff to judgment by default. 23 Cyc. 743. (4) The judgment should be vacated under Kirby's Dig., § 4431, for unavoidable casualty or misfortune. 7 Ark. 445; 2 Woodward, Pa. Dec. 7th, 4 C. P. 117; 7 Wis. 542; 31 Barb. (N. Y.) 578; 1 Black on Judg., § 341; 17 A. & E. Enc. Law 836; 58 Kan. 817; 83 Cal. 457.

*W. B. Rhyne,* for appellee.

The court properly refused to vacate the judgment. 49 Ark. 75; Kirby's Digest, § 4431; 77 Ark. 314; 104 *Id.* 45; 182 S. W. 533; 114 Ark. 493; 93 *Id.* 462. No good defense was shown.

SMITH, J. Appellee recovered judgment in the Logan Circuit Court, Northern District, against appellant, Awbrey, and two others, for debt. The judgment was rendered by default, and a motion to vacate that judgment was filed after the expiration of the term at which it was rendered. That motion was overruled, and this appeal is from that order.

The record before us discloses the following facts. Appellant and two other defendants were served with summons, and before court convened appellant's attorney mailed to the clerk of the court a motion to make the complaint more definite and certain. The complaint stated a cause of action, but the motion to make definite would have required the plaintiff in the suit to state whether the obligation upon which he sued was verbal or in writing. This motion was never docketed or otherwise called to the attention of the court. Appellant alleges in his motion to vacate the judgment that he was advised judgment had been rendered against him the day after its ren-

dition, and that he immediately called the matter to the attention of his attorney who advised him that he would have the default judgment set aside.

The testimony of the attorney representing appellant appears in the form of an affidavit, and in the affidavit he states that, if the motion to make definite had been passed upon and sustained, the response thereto would have disclosed facts from which the court must have found that there was no liability on appellant's part; but he received no notice of the setting of the case, and was greatly surprised to learn that a judgment by default had been rendered without notice to him, and without the motion to make specific having been first disposed of. This affidavit made no reference to appellant's alleged request to him to have the default judgment set aside. Appellant employed another attorney, who filed the motion to vacate the judgment. This motion recites a meritorious defense to the original action.

We think no error was committed in refusing to vacate the judgment. It was not shown that either appellant, or his attorney, attended court, or called the motion to make definite to the attention of the court, and, as has been said, the complaint stated a cause of action. Moreover, appellant affirmatively shows that he was advised of the rendition of the judgment while the court was still in session, yet he took no action in regard to it until two months after the expiration of the term.

Appellant says that, notwithstanding this fact, he is entitled to have the judgment vacated under the seventh subdivision of section 4431 of Kirby's Digest, "For unavoidable casualty or misfortune preventing (him) party from appearing or defending." But we do not think so. In the case of *Trumbull* v. *Harris,* 114 Ark. 497, we said: "It is the duty of a litigant to keep himself informed of the progress of his case, and a party seeking relief against a judgment on the ground of unavoidable casualty or misfortune preventing him from defending must show that he himself is not guilty of negligence, and he can not have

relief if the taking of the judgment appears to have been due to his own carelessness.''

Here appellant did nothing except to file his motion to make definite, and he did not attend court in person or by attorney to present that motion, and, after being advised that judgment had been rendered by default for the want of an answer, suffered the term to expire without taking any action to have that judgment set aside, and for these reasons he can not be heard to say that he was the victim of an unavoidable casualty.

Judgment affirmed.