BICKERSTAFF *v.* HARMONIA FIRE INSURANCE COMPANY.

4-5693                                                      133 S. W. 2d 890

Opinion delivered December 4, 1939.

*Partlow & Bradley,* for appellant.

*Neill Reed,* for appellee.

HOLT, J. Appellant, W. A. Bickerstaff, brings this appeal from a judgment of the Mississippi circuit court, Chickasawba district, refusing to set aside a default judgment rendered against him.

On April 18, 1937, an automobile driven by appellant collided with a car driven by G. F. Scrape, damaging both cars.

Thereafter appellee, Harmonia Fire Insurance Company, paid to Scrape the sum of $137.50 under its insurance contract, after deducting $50 under the deductible clause.

On December 14, 1937, appellee, insurance company, brought suit in the common pleas court at Blytheville against appellant, Bickerstaff, to recover the sum of $137.50 which it had paid to Scrape. Thereafter on December 15th appellant employed an attorney at Blytheville, to defend for him. In apt time an answer was filed by this attorney on behalf of appellant denying every material allegation in the complaint, but this answer became lost or misplaced.

On January 11, 1938, G. F. Scrape filed an intervention asking for judgment for $50 alleged to have been paid by him under the deductible clause in the insurance policy, and on this same date the trial court rendered judgment in favor of appellee insurance company for $137.50 and in favor of G. F. Scrape, intervener, in the sum of $50. Nine months thereafter an execution was issued on the judgment.

On November 14, 1938, appellant, Bickerstaff, filed his motion in the common pleas court to set aside and vacate said judgment and set up as his grounds the seventh subdivision of § 8246 of Pope's Digest as follows: "For unavoidable casualty or misfortune preventing the party from appearing or defending," and further alleged that the answer which was filed by his then attorney, was either lost or misplaced by the clerk which prevented him from defending the suit on the issues joined.

Further in his motion appellant asked for a restraining order under § 8251 of Pope's Digest. Restraining order was granted by the court of common pleas on the 15th day of November, 1938.

Thereafter the cause came on for trial in the common pleas court on what was termed a "motion to dissolve and dismiss the order." This motion was treated as a demurrer by the court and was sustained on the 9th day of December, 1938.

On December 19, 1938, appellant, Bickerstaff, duly prosecuted his appeal to the circuit court from the order of the common pleas court.

On a trial before the court sitting as a jury, on the 27th day of January, 1939, the court found in favor of appellee, Harmonia Fire Insurance Company, refusing to set aside the judgment as to it, but found in favor of appellant as against G. F. Scrape, the intervener, and set aside the judgment of $50 as to him.

From this judgment Bickerstaff alone appeals.

The only question presented for review here is, as stated by the appellee, "Did the trial court commit error in finding that the appellant and his attorney were negligent, in not appearing and defending said cause in the common pleas court, when the same came on for trial and in not ascertaining said judgment until execution was issued thereon and that due to said finding of negligence there was no unavoidable casualty or misfortune preventing the parties from appearing and defending?"

It is our view that no error was committed by the trial court and that his holding is sustained by this record.

Among the recitals in the trial court's judgment are the following:

"That this is an action here on appeal from the common pleas court, instituted by the plaintiff against the defendants, Harmonia Fire Insurance Company and G. F. Scrape, for the purpose of setting aside a default judgment rendered in the common pleas court against the plaintiff herein, on the ground of an unavoidable casualty and misfortune preventing the party from appearing or defending, as provided in the 7th subdivision of § 8246 of Pope's Digest.

"The court further finds that said judgment to be set aside was set forth in plaintiff's complaint, the

grounds to vacate same, and there was set out a defense to same, all of which was verified by affidavit as required by law; that a summons was issued and served on said defendants and proper return made thereon.

"The court further finds that as alleged in said complaint and proven, the defendant, Harmonia Fire Insurance Company, on the 14th day of December, A. D., 1937, filed said suit in which said default judgment was rendered, in the common pleas court, and that service was issued thereon and served upon plaintiff herein on the same day thereof; that on the next day, being the 15th day of December, 1937, plaintiff in this suit at bar (defendant in suit where default judgment was rendered), employed . . . an attorney-at-law, to represent him in defense thereof, and that the said W. A. Bickerstaff, plaintiff here, went to the office of the circuit court clerk and obtained a copy of said pleadings, and that the clerk or his deputy indorsed on the jacket of said file the following notation, 'Copy to [the attorney] by Bickerstaff, 12/15/37.'

"The court further finds that the said W. A. Bickerstaff took said pleadings to the office of the said [attorney], here in the city of Blytheville, and that the said [attorney] prepared and filed an answer to said complaint in the office of the clerk of the circuit court, being ex-officio clerk of the common pleas court, before the expiration of the twenty days after service of summons, and before any judgment was taken.

"The court further finds that said answer which was duly filed by the said [attorney] was either lost or misplaced by said clerk before said judgment was taken, and was not in the file at the time said judgment was taken.

"The court further finds that said judgment was taken on the 11th day of January, 1938, in the sum of $137.50 in favor of the Harmonia Fire Insurance Company, and that on the same date of said judgment an intervention was presented to the court on behalf of G. F. Scrape and that a judgment was taken by said G. F. Scrape for the sum of $50.

"The court further finds that as to the judgment taken by the said G. F. Scrape, due to the finding that the same was filed and taken on the same date, January 11, 1938, the same was without notice to the said W. A. Bickerstaff and that the same should be set aside and vacated.

"The court further finds that a meritorious defense was alleged and oral evidence offered showing a *prima facie* defense.

"The court further finds that the said W. A. Bickerstaff and his attorney . . . were negligent in not appearing and defending said cause in the common pleas court when the same came on for trial and in not ascertaining said judgment until execution was issued thereon, and that due to said finding of negligence there was no unavoidable casualty or misfortune preventing the party from appearing and defending.

"It is, therefore, by the court considered, ordered and adjudged that the judgment in the sum of $50 in favor of G. F. Scrape be set aside and vacated leaving the cause still pending in the common pleas court, but that the judgment in favor of the Harmonia Fire Insurance Company in the sum of $137.50 and costs be not disturbed, leaving judgment against W. A. Bickerstaff for $137.50 and costs."

It is undisputed in the instant case that appellant waited more than eight months after the default judgment in question was rendered before taking steps to set it aside. We think the court correctly held that a lack of diligence on the part of appellant was shown, and that the court did not abuse its discretion in so holding.

In *Trumbull* v. *Harris*, 114 Ark. 493, 170 S. W. 222, this court said:

"It is the duty of a litigant to keep himself informed of the progress of his case and a party seeking relief against a judgment on the ground of unavoidable casualty or misfortune preventing him from defending must show that he himself is not guilty of negligence and he cannot have relief if the taking of the judgment

appears to have been due to his own carelessness. *Hanna v. Morrow*, 43 Ark. 107; *Corney v. Corney*, 97 Ark. 117, 133 S. W. 813; *Weller v. Studebaker*, 93 Ark. 462, 125 S. W. 129; *Izard County v. Huddleston*, 39 Ark. 107.

"In the case last cited the court said: 'The statute to vacate judgments by this proceeding is in derogation not only of the common law, but of the very important policy of holding judgments final after the close of the term. Citizens must have confidence in the judgments of our official tribunals as settlements of their controversies and there should be some end of them. Unless a case be clearly within the spirit and policy of the act, the judgment should not be disturbed.' "

In the instant case the effort to set aside the default judgment was made after the close of the term at which it was rendered and after one or two other terms had intervened.

Appellant relies strongly upon the case of *Cady v. Pack*, 135 Ark. 445, 205 S. W. 819. Upon a careful examination of that case we are of the view that it does not control here for the reason that the default judgment in that case was rendered on February 25, 1918, and within less than two months thereafter the party against whom the judgment had been rendered, acting promptly and with due diligence, filed his complaint, or motion to set aside said judgment and brought the case to trial on April 26, 1918.

In the instant case, as heretofore stated, appellant delayed for more than eight months before taking action.

On the whole case we find no error, and the judgment is accordingly affirmed.