ANDERSON *v.* MELTON.

5-263                                               263 S. W. 2d 909

Opinion delivered January 11, 1954.

Rehearing denied February 15, 1954.

*Wm. J. Kirby* and *Sam Montgomery,* for appellant.

*Charles A. Wade,* for appellee.

MINOR W. MILLWEE, Justice. There was a collision between an automobile driven by appellee and a truck driven by appellant in North Little Rock, Arkansas, on May 6, 1952. Appellee filed an action in the Pulaski Circuit Court on July 30, 1952, alleging that the collision was due to appellant's negligence, and praying damages to his automobile in the sum of $600.

Appellant was duly served with summons on August 16, 1952. On August 19, 1952, appellant wrote a letter to counsel for appellee stating that the accident was not due to his fault and that he and appellee had an agreement to settle the matter out of court. The letter further stated: "So if Mr. Melton cannot remember our agreement then neither can I. Since I have sufficient evidence to do so I shall also file suit against Mr. Melton for speeding and reckless driving." Appellant filed no answer or other pleading in the circuit court action, and on October 22, 1952, a default judgment was rendered against him in the sum of $450.58.

At a subsequent term of court on March 5, 1953, appellant filed the instant action, under Ark. Stats., § 29-506, to vacate the default judgment. He alleged that a settlement of the damages growing out of the collision was reached by the parties at the scene of the collision and that the taking of the default judgment constituted a fraud upon the court. It was further alleged that an insurance company, and not the appellee, was the real party in interest and that the allegations otherwise in appellee's complaint also constituted a fraud on the court. In his response to the motion to vacate, appellee alleged that the matters set up therein should have been pleaded as a defense to the original action and did not

constitute grounds for vacating said judgment **after** term time.

At the hearing on March 27, 1953, appellant orally moved to amend his motion to vacate to include any of the grounds provided in Ark. Stats., § 29-506, but the record does not disclose that the motion was ever acted upon. Subsequently, however, the court did permit appellant to plead the matters set out in the motion to vacate as an unavoidable casualty under the seventh subdivision of § 29-506. This appeal is from the order of the trial court overruling the motion to vacate the default judgment.

At the hearing on the motion to vacate, appellant offered evidence, denied by appellee, tending to show that the parties agreed at the scene of the accident to settle the damages by appellant's paying appellee $50 when appellee's car was repaired. Evidence was also offered to show that there was insufficient evidence of damage to appellee's car adduced at the original trial upon which to predicate the default judgment. It is insisted that under the agreement to settle appellant was lulled into a false sense of security which amounted to either a fraud upon the court or an unavoidable casualty preventing him from appearing and defending the original action. We cannot agree with this contention and hold that the circuit judge correctly overruled the motion **to vacate.**

This court has repeatedly approved the rule stated in *Parker* v. *Sims,* 185 Ark. 1111, 51 S. W. 2d 517, as follows: ''The law is settled that the fraud which entitles a party to impeach a judgment must be fraud extrinsic of the matter tried in the cause, and does not consist of any false or fraudulent act or testimony the truth of which was or might have been in issue in the proceeding before the court which resulted in the judgment assailed. It must be a fraud practiced upon the court in the procurement of the judgment itself. (Citing cases.)

''It is also settled that the mere fact that a larger judgment was rendered than the facts justified does not

show that a judgment was procured by fraud. The remedy for such an erroneous judgment is by way of appeal. *Estes* v. *Lucky,* 133 Ark. 97, 201 S. W. 815.''

It is equally well settled that a judgment will not be vacated where the party against whom it is rendered totally fails to show legal diligence. As the court said in *Trumbull* v. *Harris,* 114 Ark. 493, 170 S. W. 222: ''It is the duty of a litigant to keep himself informed of the progress of his case and a party seeking relief against a judgment on the ground of unavoidable casualty or misfortune preventing him from defending must show that he himself is not guilty of negligence and he cannot have relief if the taking of the judgment appears to have been due to his own carelessness.'' See also, *Weller* v. *Studebaker Bros. Mfg. Co.,* 93 Ark. 462, 125 S. W. 129; *Awbrey* v. *Hoopes,* 145 Ark. 502, 224 S. W. 959; *Bickerstaff* v. *Harmonia Fire Insurance Co.,* 199 Ark. 424, 133 S. W. 2d 890.

In the early case of *Izard County* v. *Huddleston,* 39 Ark. 107, the court said: ''The statute to vacate judgments by this proceeding is in derogation not only of the common law, but of the very important policy of holding judgments final after the close of the term. Citizens must have confidence in the judgments of our official tribunals as settlements of their controversies and there should be some end of them. Unless a case be clearly within the spirit and policy of the act, the judgment should not be disturbed.''

It is apparent from the pleadings and proof in the instant case that the matters relied upon to set aside the judgment were intrinsic to the matters and issues actually adjudicated in the judgment of October 22, 1953, and did not relate to matters extrinsic of that hearing. It is clear that no fraud, as defined by our cases, was practiced on the court in obtaining the judgment. The only reasonable conclusion to be drawn from the evidence is that appellant lost his defense, if he had any, to appellee's asserted cause of action through his own total lack of legal diligence. The judgment is accordingly affirmed.