Otbie JETTON et al *v.*
R. L. FAWCETT et al

78-59                           568 S.W. 2d 42

Opinion delivered July 17, 1978
(Division I)

*James S. Reed*, Sacramento, Cal., and *Karlton H. Kemp, Jr.*, by: *James S. Reed*, for appellants.

*Eric Bishop* and *Finley & Finley*, by: *John C. Finley, III*, for appellees.

JOHN A. FOGLEMAN, Justice. Otbie Jetton, Lula Bowles Talon and Mary Rogers brought an action to obtain possession of a tract of land in Miller County against appellees R. L. Fawcett and his wife, Mildred and Bunn F. Fawcett and his wife, Janice. They also sought to remove alleged clouds on their title by virtue of conveyances of the land to appellees or some of them. This action was filed on behalf of Otbie Jetton, Lula Bowles Talon and Mary Rogers on July 24, 1975, by Lon L. Witter of the firm of Atchley, Russell, Waldrop and Hlavinka of Texarkana, Texas. The defendants answered claiming title to the property and, by counterclaim, asked that title be quieted in them. The case was set for trial on February 11, 1976. On February 9, the attorneys for the plaintiffs filed a motion to withdraw as attorneys, alleging that the action had been filed by an attorney who had left the firm and the practice of law and that it was essential to the prosecution of the action that Mary Rogers, a plaintiff in the case, cooperate with the other parties, but that she had refused to do so and had even refused to consent to their representing her. Hearing on this motion was set for March 1, 1976. The motion was heard and granted. The court set the case for trial on March 22, 1976, and directed the attorneys who had withdrawn to notify the plaintiffs. The plaintiffs failed to appear on the date set for trial and a decree was entered in favor of the defendants on the complaint and on their counterclaim.

On August 19, 1976, appellants and Mary Rogers filed a complaint for vacation of the decree, alleging that unavoidable casualty and misfortune had prevented them from appearing at the trial. This pleading was later amended to add John Jones, as assignee of appellants as a party plaintiff on an assignment made in May, 1976. Hearing was held on June 29, 1977 and on August 15, 1977, the trial court found that the plaintiffs, except for Mary Rogers, had failed to show unavoidable casualty. The decree was set aside as to Mary Rogers. Appellants[1] rely on two points for reversal. They

[1]For the purposes of this opinion, Otbie Jetton and Lula Bowles Talon (and John Jones as their assignee) are the appellants. Mary Rogers was successful in the trial court.

assert that the trial court erred in finding that the withdrawal of counsel was not unavoidable casualty or other misfortune preventing them from appearing and maintaining and defending the action. They also contend that notice of withdrawal of counsel and of the trial date did not meet constitutional standards of due process. We find no reversible error on these points.

The only allegation of the amended petition, as abstracted, stating any fact in support of the conclusion that unavoidable casualty and misfortune prevented them from appearing on March 22, 1976, was that Otbie Jetton and Mary Rogers had no notice of that hearing. There was no allegation that they had not received notice of the motion of the attorneys to withdraw on the hearing on that motion. Apparently the original complaint or petition for vacation of the decree was supported by affidavits, but if so, none of them have been abstracted and they are not before us.

Charles Bleil of the law firm of Atchley, Russell, Waldrop and Hlavinka testified that he had conferred with Mr. Witter about the case. The file revealed that Witter had written Otbie Jetton on December 8, 1975, explaining the necessity for the cooperation of Mary Rogers, who had failed to return certain interrogatories and papers. Bleil said that on January 26, 1976, he had written Otbie Jetton, by ordinary mail addressed to Route 3, Box 14, Ashdown, Arkansas, saying that his firm proposed to withdraw because Mrs. Rogers would not cooperate. Bleil said that he was directed by the chancellor to advise the plaintiffs of the hearing on the motion of counsel to withdraw and of the setting of the case for trial on the merits on March 22, 1976 — with substitute counsel if the motion to withdraw was granted. He said that by letter dated February 11, 1976, addressed to the plaintiffs, and John C. Finley, Jr. and Eric Bishop, the attorneys for the defendants, and sent by certified mail, he advised the addressees of the settings and invited the attendance of all concerned. He had receipts from the two lawyers and Mrs. Talon, but had none from Mrs. Rogers or Mrs. Jetton. Bleil said that after the motion was granted, he wrote a letter on March 2, 1976, addressed to Mrs. Rogers, Mrs. Talon and Mrs. Jetton, advising them of the court's action and the trial

setting, enclosing a copy of the chancery court order granting the motion and relieving his firm, and reciting that a hearing of the case was set for March 22. He exhibited a certified mail receipt to which Otbie Jetton's name had been signed by her 21-year-old daughter, Brenda Jetton. Bleil said that he never heard from any of the appellants after he took over the file in their case.

Mrs. Jetton testified that she was responsible for commencement of the suit and knew that Witter was going to withdraw. She said that she was advised on or about March 15, 1976, that she was to seek another lawyer, but said that the law firm advised her that nothing would be done until she found a lawyer and that she had no notice of withdrawal prior to that date. She said that she could not read very well. Mrs. Talon said that she signed the receipt for the letter of February 11, 1976, but signed only one receipt, saying, "The next one I was gone fishing." She also said that she couldn't read and couldn't understand "too good," and didn't read any of the letters sent her in connection with this matter. She said that she could not see well enough to read one of the letters, although she tried.

At the outset, we point out that the setting aside of a judgment or decree under the governing statute, Ark. Stat. Ann. § 29-506 (Repl. 1962), lies within the sound judicial discretion of the trial court and its action will not be reversed in the absence of an abuse of that discretion. *Davis* v. *McBride,* 247 Ark. 895, 448 S.W. 2d 37. In the case cited we pointed out that a party seeking relief against a judgment must show that he has been diligent and without negligence. We there stated that, after a defendant has been served with summons, he must thereafter take notice of the pendency of the suit and subsequent proceedings. Any litigant, plaintiff or defendant, is required to take notice of all proceedings during the pendency of an action to which he is a party and to keep himself informed as to the progress of his case. *Karam* v. *Halk,* 260 Ark. 36, 537 S.W. 2d 797. The trial court found that appellants had notice of the withdrawal of counsel.

The burden of showing unavoidable casualty or misfortune rested upon appellants. This burden included a showing

that they were not negligent. *Karam* v. *Halk*, supra. Their lack of diligence is apparent on the record as abstracted. Even one whose reading ability is limited would, in the exercise of diligence, make some inquiry of someone who could read about the content of letters received in the mail. If appellants had taken any steps to replace counsel before the trial setting on March 22 they would undoubtedly have been entitled to a continuance for a reasonable time. Their lack of diligence in the matter is indicated by the fact that they filed nothing until nearly five months after the entry of the decree they now ask be vacated. This delay is significant, not only in the trial judge's consideration of the evidence on the question of diligence, but to our consideration of the question of abuse of discretion. *Awbry* v. *Hoopes*, 145 Ark. 502, 224 S.W. 959; *Bickerstaff* v. *Harmonia Fire Ins. Co.*, 199 Ark. 424, 133 S.W. 2d 890.

Since the statute under which appellants proceeded is in derogation of common law and of the important policy of upholding finality of judgments, a judgment should not be disturbed under the act unless the case comes clearly within the spirit and policy of the act. *Anderson* v. *Melton*, 222 Ark. 892, 263 S.W. 2d 909; *Parker* v. *Sims*, 185 Ark. 1111, 51 S.W. 2d 517.

Appellants also argue that the notice given does not meet minimum due process requirements. The trial court held that notice of the motion to withdraw might not have been sufficient, because of "conflicting interests" but held that notice of the trial setting was sufficient. Mrs. Jetton testified that she received no notice from her attorneys prior to March 15. In a case where a defendant sought to set aside a default decree on the basis that she had no notice of the pendency of the action, we held that it was not error for the trial court to decline to do so, when the defendant took no action prior to the entry of the decree, not even to acknowledge its receipt, and received a copy of the decree two weeks after its entry, but delayed filing a petition to vacate the decree until a month after she received it. *Gaines* v. *Gaines*, 187 Ark. 935, 63 S.W. 2d 333. Assuming that the notice was not earlier received by Mrs. Jetton, as it well might have been, the evidence of her neglect after receipt is such that we cannot hold that the chancellor abused his

discretion or that the notice given was not adequate to insure appellants a hearing. In view of the fact that appellants could have been heard had they acted with diligence and would likely have been entitled to a continuance, we are unable to say that they were deprived of due process of law.

On cross-appeal, appellees seek reversal of the decree favorable to Mary Rogers and John W. Jones as her assignee. They first contend that these parties did not prove a meritorious defense or even introduce any evidence to show that they had one. A meritorious defense was alleged by them in their complaint for vacation of the decree by incorporation of appellants' original complaint, the allegations of which would have constituted a defense to the counterclaim. The moving parties did offer to make an evidentiary showing of a meritorious defense but the chancellor declined to permit them to do so because of the fact that he found no basis for vacating the decree as to appellants Jetton and Talon, even if they did have a meritorious defense. Of course, the mere allegation of a meritorious defense is not sufficient. *Haville v. Pearrow*, 233 Ark. 586, 346 S.W. 2d 204. But cross-appellees should not be held delinquent in this respect when they are not at fault. If they actually have no meritorious defense, that fact probably could easily be disclosed by discovery and summary judgment procedures.

Appellees also argue that appellants filed no reply or answer to their counterclaim and that they were thereby in default and barred from defending on appellees' cause of action by Ark. Stat. Ann. § 27-1137 (Repl. 1962). Ark. Stat. Ann. § 27-1160 (Supp. 1977) provides that the court must, in every stage of an action, disregard any error or defect in the proceedings which does not affect the substantial rights of the adverse party and that no judgment shall be reversed or affected by reason of such error or defect.

The reason for the chancery court's vacating the judgment is pertinent here. He held that Mrs. Rogers had not been brought before the court on the counterclaim. This finding was based on the fact that the chancellor was unable to determine that Mrs. Rogers had ever authorized the employment of the law firm filing the complaint. There was

testimony by her which supported that finding. She also denied signing the original complaint. The chancellor also held that, even though Mrs. Rogers received notice of the subsequent proceedings by letter, she was not charged with it to the same extent as the others because of her advanced age.

Obviously, a reply would not introduce any new issue into the case. It is apparent from the original complaint, the motion to vacate the decree and the proceedings on that motion that Mrs. Rogers and her assignee Jones rely upon the allegations of the complaint as a defense to the counterclaim and that the issues raised by the complaint and answer would be the same as those raised by the counterclaim. If cross-appellees Rogers and Jones prevail on the allegations of the complaint, appellees cannot prevail on their counterclaim.

The situation here is comparable to that prevailing in *Easley* v. *Inglis,* 233 Ark. 589, 346 S.W. 2d 206, in some respects. There we said that if an "answer" to a counterclaim had been stricken as untimely, the refusal to grant a default judgment would not have been error, because testimony of the same issues would necessarily be heard on the issues made by the pleadings that were timely filed. See also, *Smiley* v. *Smiley,* 247 Ark. 933, 448 S.W. 2d 642. Where the evidence introduced by a plaintiff at trial on the complaint tends to rebut the allegations in the counterclaim, the trier of fact is not required to take the allegations of the counterclaim as true, but the presiding judge may, in his discretion, permit the filing of a formal reply after that evidence has been introduced. *Beekman Lumber Co.* v. *Kittrell,* 80 Ark. 228, 96 S.W. 988.

Allowing evidence on the issues made by the complaint and answer to rebut the allegations of a counterclaim is certainly in keeping with the rationale of the cases cited and the dictates of Ark. Stat. Ann. § 27-1160. There was no error in setting aside the decree insofar as Mrs. Rogers and her assignee were concerned.

The decree of the chancery court is affirmed on appeal and cross-appeal.

We agree. HARRIS, C.J., and GEORGE ROSE SMITH and HOLT, JJ.