## HOLMAN *v.* LOWRANCE.

### Opinion delivered January 29, 1912.

1. JUDGMENT—VACATING AT SUBSEQUENT TERM.—The court is without authority to vacate a judgment rendered at a former term under Kirby's Digest, section 4431, unless the plaintiff alleges a valid defense to the action and makes *prima facie* proof of the truth of such defense if it is denied.   (Page 255.)

2. SAME—VACATION—BURDEN OF PROOF.—In an action to vacate a judgment rendered at a former term of court upon the ground that there was no service of process on the plaintiff, the burden of proof was upon the plaintiff, the officer's return of service being *prima facie* true. (Page 255.)

3. SPECIFIC PERFORMANCE—FORM OF DECREE.—A decree for specific performance must provide for full performance by plaintiff; and if there are acts to be done on plaintiff's part before he is entitled to performance by defendant, the decree should be so framed that defendant can not be compelled to perform except upon condition that plaintiff do such acts.   (Page 255.)

Appeal from Pulaski Chancery Court; *John E. Martineau,* Chancellor; affirmed.

#### STATEMENT BY THE COURT.

Lowrance first filed a suit in the Pulaski Chancery Court against James Holman for specific performance of a contract to convey a forty-acre tract of land.   A decree was entered on September 20, 1910, by default, reciting that "the defendant,

James Holman, although duly summoned, by virtue of the statute in such cases made and provided, appearing not, neither answered nor demurred; the plaintiff announcing ready for trial and the court, after hearing the evidence and being fully advised in the premises, doth find that the plaintiff is the rightful owner of the following described lands, etc.," and decreed that defendant should execute a deed to the said described lands upon payment of the purchase money.

On November 29, 1910, appellant filed his complaint to set aside and vacate said judgment, alleging that it was rendered without notice, and that the sheriff's return of service of summons upon him in the first instance was wholly false, and that he did not sell nor agree to sell said lands to appellee, and that Hamiter was not his agent for such sale; that he received none of the purchase money therefor, and that the land was of the value of $500, instead of $120, the price upon and for which the decree was rendered.

Appellee answered, denying the allegations of the complaint, and alleged that service was had, and that the decree was duly rendered upon the evidence adduced. The testimony was conflicting as to whether or not the summons was served, the deputy who made the return swearing positively that he duly served the summons upon appellant by delivering him a copy thereof at Billy Stifel's saloon in Little Rock and told the attorney within three days thereafter that he had served the summons, while the appellant stated that he did not deliver him a copy of the summons at the time and place, as stated, by the officer, nor at all, and denied that he was at that place at all upon the day of the service. Two other witnesses testified that they were with appellant virtually all of that day, but about ten minutes, when he was in the Southern Trust Building, and that he could not have been served with summons at the saloon, where the officer stated the service took place, since he was not there; that if he was served it must have been in the Southern Trust Building, and while they were not present. Another deputy sheriff testified that when the service was inquired about by the attorney in this case, Erber, the deputy, who delivered the first summons, said: "Yes, I served this on him in the back of Billy Stifel's saloon." He said he had served a subpoena on him at Scotts.

The testimony was also in conflict as to whether appellant made a sale of the land, he stating that he did not authorize Hamiter to sell his land, that he did not sell it, and that he had refused to take the money paid by appellee for it, and brought this proceeding to vacate the judgment as soon as he discovered it had been rendered. On the other hand, the testimony tended to show that he agreed to sell the land; that his agent first accepted a five dollar payment from appellee, who took possession of the tract, and until the deed could be made, and that the whole purchase money was paid to his agent.

The chancellor found that the term of court at which the first decree was rendered had expired, and "that the said James Holman had been duly and in due time summoned to appear and answer the complaint filed against him by the said Robert N. Lowrance, and that the return of the sheriff was true, and the decree rendered was in accordance with law and equity," and dismissed the petition to vacate for want of equity. From this decree Holman appealed.

Since the appeals were brought to this court the death of James Holman was suggested, and the causes revived in the name of his administrator and heirs.

*Marshall & Coffman,* for appellant.

Want of service is ground for vacation of a judgment. 63 Ark. 323. Provision should have been made for the court to say when the money should be paid in. A failure to do so is fatal. 14 App. Div. 106; 16 S. W. 1078; 91 Pac. 92; 118 S. W. 768; 7 S. W. 781; 14 S. W. 453. The decree should be set aside for want of sufficient allegation in the complaint upon which to base a decree. 91 Pac. 92; 73 Ark. 491; 78 Ark. 158; 150 Fed. 458; 7 Ark. 445; 20 Ark. 12.

*Dan W. Jones* and *Walker Danaher,* for appellee.

The burden is upon appellant to show that the proof does not sustain the court's rulings. 72 Ark. 21; 79 Ark. 263; 5 Ark. 126,.54 Ark. 159; 45 Ark. 240; 44 Ark. 74; 40 Ark. 185; 94 Ark. 115. The question of notice can be determined only by the record. 49 Ark. 397. The remedy is against the officer for a false return. 40 Ark. 141; 39 Ark. 70; 44 Ark. 202; 25 Ark. 313; 36 Ark. 217; 30 Ark. 70; 31 Ark. 609. All the evidence not being in the record the decree will not be disturbed.

63 Ark. 513; 72 Ark. 265; 25 Ark. 60; 55 Ark. 30; 57 Ark. 49; *Id.* 628; 53 Ark. 476; 48 Ark. 331; 58 Ark. 314.

KIRBY, J., (after stating the facts). This proceeding was instituted to vacate a judgment rendered at a former term of court under section 4431 of Kirby's Digest, it being alleged that said judgment was rendered against appellant without notice and obtained by fraud practiced by the successful party, and also that no sale of the lands for a specific performance of which the decree therein was rendered had been authorized or made by appellant, and no money whatever received therefor.

It is necessary, in addition to alleging one of the grounds specified in said section, also to allege a valid defense to the action in which the judgment sought to be vacated was rendered and to make a *prima facie* proof of the truth of such defense if it is denied, the court being without authority to grant the relief until the ground therefor is established and "it is adjudged that there is a valid defense to the action." Kirby's Digest, § § 4431 and 4434; *Chambliss* v. *Reppy,* 54 Ark. 541; *Knights of Maccabees* v. *Gordon,* 83 Ark. 21; *Ayers* v. *Anderson-Tully Co.,* 89 Ark. 163

The burden of proof is upon the appellant, and the officer's return of service was *prima facie* true, and the chancellor found, upon conflicting evidence, that appellant was duly notified of the pendency of the suit and the service of the summons therein as returned by the officer, and dismissed the complaint for want of equity; and we can not say that his finding was clearly against the preponderance of the testimony.

Not having established the first ground for vacating the decree, it was not necessary to pass upon the question of the validity of the defense to the action.

It is further insisted that the court erred in the rendition of the decree in the first cause, in effect divesting the title of the lands out of Holman and vesting it in the appellee without retaining the matter in its control to see that the purchase money first directed to be paid upon the execution of the deed was paid.

A decree for specific performance on the part of the defendant, without finding or requiring performance by the plaintiff of his part of the agreement, is erroneous, and it should not be left to the plaintiff to determine when he shall perform the con-

dition or whether he has performed it, and that question should be reserved and a time for performance should be fixed.   80 Enc. Pleading & Practice, 496;  16 Cyc. 483.

The decree must provide for full performance by plaintiff; and if there are acts to be done on plaintiff's part before he is entitled to performance by defendant, the decree should be so framed that defendant can not be compelled to perform except upon the condition that plaintiff do such acts.   36 Cyc. 756; *Mason* v. *Atkins*, 73 Ark. 491.

It appears from the testimony that $115 of the $120, purchase money of the lands, was paid to Dan W. Jones, who was not the agent of Holman, the defendant in the suit, and the remaining $5.00 of the purchase money to John Hamiter, whose agency was denied by Holman.   It is true the decree only required the defendant to execute to the plaintiff a deed conveying the lands upon the payment by the plaintiff of the agreed purchase price of $120, but, in default of his doing so within ten days from its date, the court further decreed ''that the title of said land shall be and is hereby divested out of defendant and vested in plaintiff,'' without reserving the right to decide whether the condition was complied with and the payment made before the title was divested.   It should have required the money paid into   court for defendant before divesting the title, and, if that was not done, denied any relief to the plaintiff and dismissed his complaint for want of equity.

The law does not contemplate, in a suit for and decree of specific performance of a contract for the sale of lands, that the defendant shall be required to make a conveyance of the lands and then be remitted to an action against some third party, to whom money may have been paid by the plaintiff without authority, for the recovery thereof.

For the error indicated, the decree is reversed, and the cause remanded with directions to enter a decree in accordance with this opinion.