KOHN, TRUSTEE, *v.* SMITH.

Opinion delivered January 17, 1916.

1.  JUDGMENTS—JUDGMENT BY DEFAULT—LACHES.—An action was brought by appellant, M., against A., B. and C., in a justice court. The action was abandoned as to A. and B., and judgment was rendered in C's favor.  Appellant notified C. of his intention to appeal, which he did, and in the circuit court took default judgment against C.  In an action to set aside the judgment, on the ground that C. had no knowledge that the appeal was pending, *held*, under the evidence that C. and his attorneys had not exercised due care to discover the pendency of the appeal, and that the default judgment should not be set aside.

2.  JUDGMENTS—DEFAULT JUDGMENT—CLERICAL MISPRISON.—M. sued A., B. and C. in a justice court, dismissing as to A. and B., judgment being rendered for C.  M. appealed and the circuit clerk docketed the appeal as *M.* v. *A., B. and C. Held*, the action of the circuit Clerk was not such a clerical misprison as would justify setting aside a default judgment in M's favor against C. on the ground

that C., because of the improper docketing of the case, failed to discover that the same had been appealed and set for trial.

3. JUDGMENTS—CONTROL OF, BY CIRCUIT COURT—EXPIRATION OF TERM.— The circuit court may, under Kirby's Digest, § § 4431-3, vacate or modify its judgments, after the expiration of the term.

Appeal from Pulaski Circuit Court, Third Division; *G. W. Hendricks,* Judge; reversed.

*W. T. Tucker,* for appellant.

1. After the lapse of the term, judgments can be set aside only under Kirby's Dig., § 4431, or by bill of review in equity. 33 Ark. 454; 53 *Id.* 114; 97 *Id.* 317; 52 *Id.* 316; 89 *Id.* 163. The court had power to set aside the judgment.

2. There was no misprision of the clerk and no fraud shown. Nor was there any unavoidable casualty or misfortune shown, preventing a defense. 104 Ark. 48. Negligence of one's own attorney is not sufficient. 12 Ark. 401; 66 *Id.* 183; 97 *Id.* 117.

3. The court had no jurisdiction to set aside the judgment. Kirby's Digest, § 4431-3. No defense was shown. 12 Ark. 401; 66 *Id.* 184.

*J. W. & J. W. House, Jr.* and *A. F. House,* for appellee.

The complaint meets every requirement of Kirby's Digest, § 4431. A valid and meritorious defense was alleged. The demurrer was properly overruled. 70 Ark. 161; 91 *Id.* 404. There was a misprision of the clerk (72 Pac. 427); also unavoidable casualty. 63 Ark. 323; 39 S. E. 838; 51 Pac. 896; 61 *Id.* 932; 85 N. E. 984; 83 Ark. 17. Only *prima facie* proof of the truth of the defense is necessary. 102 Ark. 252. The question of jurisdiction was not raised.

KIRBY, J. This appeal comes from a judgment of the circuit court, vacating and setting aside a judgment rendered in favor of appellant by default. It is a proceeding under section 4431, Kirby's Digest, the grounds alleged coming within sub-divisions 3 and 4 thereof for misprision of the clerk and for fraud practiced by the successful party in obtaining the judgment.

It was also alleged that the judgment was procured without notice and that plaintiff was prevented from defending the suit on account of unavoidable casualty and misfortune, and that the plaintiff and his attorney had repeatedly inquired of the clerk of the circuit court, where the cause was pending for trial, when it would be reached and had been always informed that there was no such case on the docket.

A demurrer was interposed and overruled and an answer filed and plaintiff and his attorney testified and also the attorney of appellant.

It appears from the testimony that appellant first brought suit in a justice court against Jno. J. and Orville O. Scoggins and A. L. Smith, that upon the trial it developed that he had no cause of action against the Scoggins' and the suit was abandoned as to them, the justice taking the case under advisement as to Smith. He later rendered judgment in Smith's favor, from which an appeal was taken to the circuit court.

Appellant's attorney notified Smith's attorney that he intended to take an appeal, and perfected his appeal.

The case was docketed in the circuit court as it had been in the justice's court, *Myer Kohn, Trustee, v. Jno. J. and Orville O. Scoggins and A. L. Smith,* the judge's docket showing the names of the parties and their attorneys, the date of the setting of the case for trial and the judgment by default upon said date.

Smith testified that he had been informed by the justice that an appeal had been taken and went frequently to the circuit clerk to inquire about it and was always informed that there was no case on the docket against him. His attorney also testified that he had made like inquiries and had been told that there was no case pending against his client, Smith. He stated further that the calendar showing the setting of the case was not sent to his firm by the clerk as was usual of all cases in which they were interested.

The attorney for appellant notified Smith's attorney that he intended to take the appeal and upon the day the

case was set for trial in the circuit court called for him over the 'phone, and was informed he was attending chancery court and not in.

The term expired after the rendition of the default judgment and it was some months thereafter before this suit was filed, it being alleged that the fact was not sooner discovered.

(1) No attempt was made to show there was any fraud practiced by the successful party in procuring the judgment and there is no evidence indicating a disposition or intention upon his part to mislead the appellee about the status of the case. His attorney was notified that an appeal had been taken, the transcript was lodged in the circuit court and the case docketed there, showing his name in the style of it and his attorney's name on the docket, although it is true that the index did not show his name in the style of the case. He had notice that an appeal had been taken and if he failed to attend and defend the suit because of statements made by the clerk of the circuit court, which satisfied him without making sufficient investigation to discover the fact; his failure to make defense resulted from his lack of diligence rather than through any fault on the part of the appellant who also called the attention of his attorney thereto, or the firm, or attempted to do so upon the day the judgment was taken. He had but to ask the clerk to show him the docket of the only two cases thereon in which Myer Kohn was appellant, in both of which the said Scoggins', whom he knew had been sued jointly with him in the justice court from which the appeal was taken, were appellees, a casual examination of which would have disclosed the pending suit against him and the date set for the trial thereof.

(2) There was no misprision of the clerk shown that would justify setting aside the judgment. The docket in fact showed the style of the case, as it had been tried in the justice court and the name of appellee as one of the defendants and a proper investigation by appellee, would have discovered that the case was pending in the circuit court for trial.

(3)    The court has power to vacate or modify judgments after the expiration of the term in accordance with the procedure prescribed by said sections 4431-3, Kirby's Digest, and this court is of opinion that no sufficient showing was made under the allegations of the complaint to warrant its action in setting aside the judgment by default herein. *Blackstad Merc. Co.* v. *Bond,* 104 Ark. 48; *Ayers* v. *Anderson-Tully Co.,* 89 Ark. 163; *State National Bank* v. *Neal,* 53 Ark. 113.

Some authorities are cited by appellee in support of his contention, but the cases were decided under statutes materially different from ours, excusable negligence being recognized as a ground for such relief in said jurisdictions.

The judgment is reversed and the cause remanded with instructions to dismiss the complaint to set aside said default judgment.