MARTIN *v*. PIERCE PETROLEUM CORPORATION.

Opinion delivered October 17, 1927.

1. APPEAL AND ERROR—OBJECTION NOT PRESERVED IN MOTION FOR NEW TRIAL.—The Supreme Court cannot determine whether evidence adduced on a motion to correct a judgment was sufficient to justify correction where appellants objected and excepted to the order correcting the judgment, but did not preserve the objection and exception, either in the supplemental motion for new trial or by amendment to the original motion for new trial.

2. APPEAL AND ERROR—CONCLUSIVENESS OF COURT'S FINDING.—The recital in the judgment by way of amendment that the trial court heard evidence on a question of fact is conclusive where the sufficiency of such evidence is not presented for review by a motion for new trial.

3. LIMITATION OF ACTIONS—VARIANCE BETWEEN FIRST AND SECOND COMPLAINT.—Where a suit brought within the period of limitation styled the plaintiff as the "J. H. Martin Company," and a second suit was brought within a year by the "Martin Company" on the same cause of action, the second action was not barred since the first action was filed within the statutory period, the variance in the names being immaterial.

Appeal from Arkansas Circuit Court, Southern District; *George W. Clark*, Judge; affirmed.

*T. J. Moher* and *John L. Ingram*, for appellant.

*Sam T. & Tom Poe, Floyd Sharp* and *McDonald Poe*, for appellee.

HUMPHREYS, J.    This is an appeal by Fred W. Martin and Ida H. Martin from a judgment rendered in the circuit court of Arkansas County on the 24th day of August, 1926, against them, J. H. Martin and Frank H.

Martin and each of them, in favor of appellee, for $1,123.33 with interest at the rate of six per cent. per annum from the date of the judgment. It was alleged in the amended and substituted complaint that said appellants were members of a partnership trading under the name of "The Martin Company," to whom appellee sold merchandise in the amount for which suit was brought. The original complaint referred to the partnership as J. H. Martin & Company, and did not allege that Frank H. Martin was a partner.

Appellants filed an answer, denying that they or either of them were partners in the Martin Trading Company. On September 15, 1926, they filed a motion for a new trial on the ground that no proof was introduced in support of the issue raised, and that for such reason the judgment was without evidence to sustain it. On December 6, 1926, appellee filed a verified motion to correct the judgment entered on August 24, 1926, so as to show that, before the rendition of said judgment, proof was introduced to establish that appellants were members of the partnership of "The Martin Company." After hearing testimony, the court corrected the judgment so as to embrace a recital that proof was introduced before the original judgment was entered to show that appellants were partners doing business as "The Martin Company." The court then overruled the motion for a new trial, over appellant's objection and exception.

Although appellants objected and excepted to the order of the court correcting the judgment, they did not preserve the objection and exception, either in a supplemental motion for a new trial or by amendment to their original motion for new trial. This court therefore cannot determine whether the evidence adduced by appellee on its motion to correct the judgment was sufficient to justify the correction. The rule is that this court will not consider alleged errors of the trial court unless embraced in a motion for a new trial. *Van Hoozer* v. *Hendricks*, 143 Ark. 463, 221 S. W. 178.

The recital in the judgment, by way of amendment, to the effect that the trial court heard evidence to show

that appellants were members of the partnership doing business as "The Martin Company" must be accepted by this court as conclusive of that fact.

We do not think the variance between the names of "J. H. Martin Company" and "The Martin Company" in the two complaints is sufficient to characterize the latter suit as a separate and distinct suit. Both appellants were made defendants in the first suit as well as the second, and the same account was attached as an exhibit to both complaints, both accounts having been made out against "The Martin Company." The first suit was filed within the statutory period of limitations, and the account therefore was not barred.

No error appearing, the judgment is affirmed.