HOLLAND *v.* WAIT.

4-3879

Opinion delivered October 14, 1935.

*Oscar H. Winn,* for appellants.

*C. C. Wait,* for appellees.

JOHNSON, C. J. On April 30, 1924, in a cause then and there pending the chancery court of Pope County made and entered the following decree: ''It is therefore considered, ordered, adjudged and decreed by the court that the said C. C. Wait, commissioner of this court, who now has in his hands $128.37, is ordered, authorized and directed to pay to R. B. Holland the sum of $42.79; to T. Holland or his rightfully appointed and duly qualified guardian the sum of $42.79, and to Tollie Holland or his duly qualified and lawfully appointed guardian the sum of $42.79, and that said commissioner be credited with said amounts when same has been paid.''

On June 3, 1932, R. B. Holland, Tee Holland and Tollie Holland, appellants here, filed their motion for summary judgment against C. C. Wait, the commissioner referred to in the order aforesaid, alleging that they are the distributees designated in said order of April 30, 1924, and that no part of said distributees' share or shares has

been paid them or either of them, and prayed judgment for the sums due. On October 25, 1932, C. C. Wait, commissioner, filed his answer or response to appellants' motion wherein he denied any liability and especially pleaded that Will Kesler, plaintiff, and Robert Bailey, his attorney in the original action had never paid to him as commissioner or into the registry of the court the amount of the bid for the lands partitioned in the original action, and that they should be made parties defendant, to the end that it may be ascertained whether the distributive shares mentioned in the order of April 30, 1924, had been paid by them to the designated distributees. By proper order Kesler and Bailey were made parties as prayed. Subsequently, appellants amended their motion for summary judgment by praying for interest and certain penalties, and conceding that R. B. Holland had been paid his distributive share.

On September 4, 1934, Robert Bailey appeared in said cause and responded to the motions therein filed, whereupon the following order was entered: ''Now on this September 4, 1934, comes Robert Bailey and states: That for the purpose of keeping down litigation but not admitting any liability but especially denying liability, he has paid the sum of $25 to R. B. Holland, Tee Holland and Tollie Holland and Oscar H. Winn in full settlement of any and all claims of any of said heirs or their attorneys. It is therefore considered, ordered, adjudged and decreed by the court that the motion for summary proceedings be dismissed with prejudice,'' from which this appeal comes.

On February 25, 1935, appellants filed their joint motion to vacate the last-mentioned order of dismissal, and as grounds therefor alleged fraud in its procurement. On submission of the motion to vacate, the affidavit of R. B. Holland, one of the distributees in the order of April 30, 1924, and one of the parties designated in the order of September 4, was submitted in evidence and in support thereof, in which the affiant swore that Robert Bailey did not pay to him $25 in settlement of the claims of his co-appellants or any part thereof. Without further proof being submitted by either of the parties,

408

the chancellor entered the following order, "Now on this day comes on for hearing 'motion to set aside order of the court made on September 4, 1934,' come the interveners, Tollie Holland, Tee Holland, by their solicitor O. H. Winn, and come defendants to said motion, C. C. Wait and Robert Bailey, in person; the court, being well and sufficiently advised, doth overrule said motion, to which ruling of the court the interveners except and pray for an appeal to the Supreme Court of Arkansas, which is by the court granted," and from this order an appeal was duly prayed and granted.

On March 1, 1935, and within six months from the rendition of the order of September 4, 1934, an appeal was duly granted by the clerk of this court.

Subdivision 4 of § 6290 of Crawford & Moses' Digest provides that judgments may be vacated or modified by the courts in which they are rendered for "fraud practiced by the successful party in the obtaining of the judgment or order." We have held, however, that the alleged fraud must consist in the procurement of the judgment. (*Boynton* v. *Ashabranner*, 75 Ark. 415, 88 S. W. 566), and the fraud must be perpetrated upon the court in the rendition of the judgment (*H. G. Pugh & Co.* v. *Martin*, 164 Ark. 423, 262 S. W. 308), and it must also appear that there is a valid defense to the judgment, *Chambliss* v. *Reppy*, 54 Ark. 539, 16 S. W. 571; *Holman* v. *Lowrance*, 102 Ark. 252, 144 S. W. 190.

The response of Robert Bailey as shown by the order of September 4, 1934, was nothing more nor less than an appearance to the cross-complaint filed against him by C. C. Wait, commissioner, and, a special plea of full payment and satisfaction of the demands set forth in appellants' motion. This special plea did not warrant the court in disposing of appellants' motion summarily and without proof in support of it. Appellees did not respond to appellants' motion to vacate and submitted no proof to refute that offered by appellants; therefore we must consider the affidavit of R. B. Holland as *prima facie* true. If it be true, as stated by R. B. Holland in his affidavit, that Robert Bailey did not pay to the Hollands and their attorney of record the sum of $25 as repre-

sented by Bailey to the chancery court, this would be such fraud in the procurement of the judgment as to warrant the court in vacating it, provided there is a valid defense to the action. There can be no question but that the distributees in the order of April 30, 1924, were entitled to the sums of money therein designated unless these sums had been paid or otherwise satisfied. There is no valid defense offered to appellants' motion for summary judgment other than that Robert Bailey paid to appellants $25 in settlement thereof. If this be true, appellants' demands were extinguished; if not, appellants are entitled to judgment for the sums due.

For the reason stated, the cause is reversed and remanded, with directions to proceed not inconsistent with this opinion.