## HILL v. TEAGUE.

### 4-4725

Opinion delivered October 4, 1937.

*Clark & Clark,* for appellant.

*Madison K. Moran,* for appellee.

HUMPHREYS, J. This is an appeal from a judgment of the circuit court of Faulkner county rendered on January 4, 1937, vacating a default judgment of the court rendered on the 27th day of November, 1936, in favor of

appellant against appellee in an ejectment suit. The ejectment suit was filed on October 20, 1936, and a summons was issued thereon and served upon appellee in Lonoke county on the 21st day of October, 1936, notifying him to appear and answer the complaint within twenty days as provided by statute. He failed to answer or otherwise plead to the complaint and on November 27, 1936, appellant took a default judgment against him.

After final adjournment of the July term, 1936, and on the first day of the January, 1937, term, appellee appeared and filed an unverified motion to set aside the default judgment on the ground that he did not know there would be an adjourned term of court on November 27, 1936, and for that reason prayed that the default judgment be set aside and that he be permitted to file an answer in the ejectment suit.

The court summarily vacated the default judgment and gave appellee thirty days in which to file an answer in the ejectment suit, because it found that appellee lived in an adjoining county and did not know there would be an adjourned term of court on November 27, 1936.

The fact that appellant did not notify appellee that there would be an adjourned term of court on November 27, 1937, did not constitute fraud practiced by appellant upon appellee. It is true, the motion to vacate the judgment filed by appellee alleged fraud and claimed that a failure to notify him of an adjourned term constituted the fraud. No duty rested upon appellant to do more than serve a summons upon appellee to file an answer or plead to the complaint in twenty days. It was appellee's duty to answer and look after his case. Judgments will not be set aside after final adjournment of court on account of the negligence or lack of diligence by a defendant. *Trumbull* v. *Harris,* 114 Ark. 493, 170 S. W. 222; *Kohn* v. *Smith,* 122 Ark. 74, 182 S. W. 533.

The trial court had no jurisdiction after the default judgment had been rendered and after the final adjournment of the July term of said court to set aside the

554

judgment except on grounds specified in §§ 6290 to 6292 of Crawford & Moses' Digest. None of the grounds contained in said sections were set up in a motion to vacate the default judgment. *Old American Insurance Company* v. *Perry,* 167 Ark. 198, 266 S. W. 943. It was not even alleged in the motion to vacate the default judgment that appellee had a meritorious defense to the ejectment suit, and it was necessary to allege and make *prima facie* proof of the truth of such a defense before the judgment should have been set aside even if statutory grounds thereon had been set up in the motion. *Holman* v. *Lowrance,* 102 Ark. 252, 144 S. W. 190.

The court erred in vacating the judgment on the motion filed; therefore, the judgment vacating the default judgment is reversed, and the cause is remanded with directions to overrule and dismiss the motion filed at the January term, 1937, of said court, and reinstate the judgment by default.