BARTLETT *v.* STANDARD LIFE AND ACCIDENT INSURANCE COMPANY.

5-286                                        264 S. W. 2d 46

Opinion delivered February 1, 1954.

*F. C. Crow,* for appellant.

*Savage, Gibson & Benefield, McMillen & Teague* and *Graves & Graves,* for appellee.

GEORGE ROSE SMITH, J. This is an appeal from the trial court's action in setting aside, after the lapse of the term, a default judgment against the appellees. The circuit court found in effect that the defendants' failure to appear on the day of trial resulted from unavoidable casualty or from the clerk's misprision. Ark. Stats. 1947, § 29-506. It is the appellant's contention that the entry of judgment by default was due solely to the negligence of the defendants' counsel.

Bartlett brought suit for $507.30 upon a policy of casualty insurance, joining as defendants the insurer and its local agent. Summons was served on the corporate defendant on December 6, 1952. The company's general counsel, a firm of Oklahoma attorneys, filed an answer for both defendants on December 29, which was within

the time allowed. Thereafter, without notice to the defendants, the case was set to be tried on January 21, 1953. On that day the defendants failed to appear, and the plaintiff took judgment by default.

At the ensuing April term of court the judgment was set aside for the reasons mentioned above. In vacating the judgment the court found that its clerk had neglected in two respects to comply with the court's rules: First, when the answer was filed the clerk should have mailed to the defendants' attorneys a copy of the court's rules and of the court calendar. This was not done. Second, when the case was set for trial the clerk should have immediately notified counsel, but this also was not done. It was on the basis of these two omissions that the trial court granted the defendants' motion to vacate the judgment.

The circuit court is clothed with a sound discretion in a matter of this kind. *United Order of Good Samaritans* v. *Bryant,* 186 Ark. 960, 57 S. W. 2d 399. In this case we find no abuse of that discretion. It is true, as argued by the appellant, that the insurer's Oklahoma attorneys were at fault in merely filing an answer, without attempting to find out when the case would be tried. But this oversight was not the sole cause for the defendants' failure to appear on the day of trial. Had the circuit clerk performed the duties imposed upon him by the court's rules the defendants would have received notice of the impending trial. It is familiar law that a litigant should not be prejudiced by an act of the court. *Metropolitan Life Ins. Co.* v. *Duty,* 197 Ark. 1118, 126 S. W. 2d 921. Here the defendants' misfortune would have been prevented either by diligence on the part of their lawyers or by the clerk's discharge of his duty. Neither factor can fairly be said to outweigh the other. When it is remembered that the vacation of the judgment simply leads to a trial on the merits, which is all the plaintiff was entitled to in the first place, we are not willing to say that the trial court was in error.

Affirmed.