BILLINGS, GDN. *v.* LADD

5-3356                                    385 S. W. 2d 649

Opinion Delivered January 11, 1965

*James L. Sloan,* for appellant.

*John Harris Jones,* for appellee.

JIM JOHNSON, Associate Justice. This is an appeal from denial of a motion to set aside a divorce decree.

Appellee Talmage Ladd filed a complaint for divorce in Jefferson Chancery Court on March 15, 1963, against appellant Marjorie Ladd, his wife. Appellant executed a power of attorney appointing an attorney to represent her, waiving notice, "recommending" that custody of the parties' four minor children be given to appellee, stating that there had been a property settlement between the parties under which appellee was to occupy the home owned by the parties so long as he desired with the understanding that if the place were sold appellant is to receive one-half of the net proceeds of the sale. The decree was taken June 11, 1963, and the court after finding that appellee was entitled to a divorce granted custody of the children to appellee and gave appellee possession of the home.

On August 8, 1963, during the term of court in which the divorce decree was rendered, appellant, by her father,

R. G. Billings, who had since been appointed her guardian, filed a motion to set aside the decree. She alleged, in effect, that she was of unsound mind at the time she signed the power of attorney which enabled appellee to get an uncontested divorce; that appellee had practiced fraud upon her by representing that the power of attorney was for the purpose of giving him custody of the children during appellant's illness, and not to enable him to get a divorce. Appellant also alleged in her motion that she and appellee had lived together subsequent to the signing of the power of attorney. Shortly after the beginning of the next term of court, appellant's counsel was permitted to withdraw. With present counsel the motion was heard January 27, 1964. The trial court found that there was no proof of fraud upon the court regarding the decree; that there was no allegation or proof by appellant of a meritorious defense to the action in which the decree was entered; that appellant was competent to know what she was doing when she executed the power of attorney; and that no proof was offered that the best interest of the children would be served by changing their custody, and dismissed the motion. From the order comes this appeal.

There is no allegation in the motion to set aside the decree which, if true, would render the decree absolutely void. The motion can be construed as alleging three grounds for setting aside the decree under the provisions of Ark. Stat. Ann. § 29-506 (Repl. 1962), which provides,

"The court in which a judgment or final order has been rendered or made, shall have power, after the expiration of the term, to vacate or modify such judgment or order, . . .

"Fourth. For fraud practiced by the successful party in obtaining the judgment or order.

"Fifth. For erroneous proceedings against an infant, married woman or person of unsound mind, where the condition of such defendant does not appear in the record, nor the error in the proceedings. . . .

"Seventh. For unavoidable casualty or misfortune preventing the party from appearing or defending."

The allegation in the motion to set aside the decree that the parties had lived together as man and wife subsequent to the acts alleged as grounds for divorce can be construed as stating a meritorious defense to appellee's complaint asking for a divorce. An allegation stating a meritorious defense is necessary in a motion to set aside a judgment after the term has expired. *Osborne* v. *Lawrence,* 123 Ark. 447, 185 S. W. 774; *Hill* v. *Teague,* 194 Ark. 552, 108 S. W. 2d 889; *Haville* v. *Pearrow,* 233 Ark. 586, 346 S. W. 2d 204.

Appellant has raised six points to be relied on, but the case boils down to three issues: (1) Was fraud practiced by the successful party in obtaining the decree; (2) Was appellant of unsound mind at the time she signed the power of attorney; (3) Was there an unavoidable casualty preventing appellant from appearing and defending.

Review of the testimony on the first issue reveals: appellant testified that appellee told her that the power of attorney was for temporary custody only, that no divorce was intended (which was corroborated by appellant's father), and that when she went to the lawyer's office she stayed barely two minutes, just long enough to sign the power of attorney. Appellee on the other hand testified that he explained to both appellant and her father the purpose of the power of attorney; appellee's former attorney testified that appellant discussed it at some length with him before it was dictated and while it was being typed, that the attorney assured appellant she did not have to sign it and if she didn't want to sign it, not to sign it. This was corroborated by his secretary and another secretary in the office. The attorney further testified that appellant made no attempt to withdraw the power of attorney during the three months between its execution and the date of the divorce decree.

On the second issue, that appellant was of unsound mind at the time she signed the power of attorney, appellee had the benefit of testimony of a psychiatrist who saw appellant between February 22nd and March 1st while she was hospitalized and several times after March

15th, when she executed the power of attorney. He testified that while appellant had a low intellect and functional level, she was not psychotic, that she was slow, not insane. Appellant's father testified that appellant was as smart then as when she finished high school. Appellee's former attorney testified in detail that in his opinion appellant completely understood what she was doing when she signed the power of attorney.

On trial de novo on the record before us, we cannot say the Chancellor's findings that no fraud was practiced by appellee in obtaining the divorce and that appellant was not of unsound mind at the time she signed the power of attorney are against the weight of the evidence. It follows, therefore, having disposed of the issues of fraud and unsound mind, there is no showing of unavoidable casualty, and the decree of the trial court is, therefore, affirmed.