GLEN DAVIS AND RALPH GIESSOW v.
ROBERT O. McBRIDE

5-5103                                   448 S. W. 2d 37

Opinion delivered December 22, 1969

*Williams & Williams,* for appellants.

*James O. Burnett,* for appellee.

JOHN A. FOGLEMAN, Justice. Appellee brought an action against appellants and one Ivan Rose to recover for damages to his boat. He alleged that Rose, Giessow and Davis d/b/a Prairie Creek Boat Dock were engaged in the business of storage of watercraft. He asserted that the damage occurred while the boat was held in storage by appellants for compensation. A default judgment was rendered against appellants upon their failure to answer. After the expiration of the term at which the judgment was rendered, appellants filed a complaint alleging that, by reason of misfortune and unavoidable casualty, they failed to appear and plead a valid defense based on impropriety of venue. By an amendment to this complaint, appellants alleged that the boat dock at which the boat was stored was owned and operated by a corporation of which Ivan Rose was president and of which appellants were employees. They also alleged that Rose was to have secured legal representation for all parties and that they had assumed that he had done so until the property of one of appellants was attached.

Ivan Rose testified that he was served with a summons, which he took to his attorney and that he told appellant Davis that he would have his attorney handle

the summons. He also stated that he had spoken to his attorney in behalf of appellants and had told them they could not be liable because they did not own any of the corporation.

Davis testified that he gave the summons with which he was served to Rose and relied upon his assurance that the matter would be taken care of, that he was merely a dock hand and had no contact with appellee or his boat. Giessow did not testify.

The attorney testified that Rose came to him shortly after the summons was served, requesting that he take care of "us" in the matter; that he had represented the corporation, but did not know either appellant; that he filed an answer for Rose, assuming that "us" referred to the corporation, and that he filed the action to set aside the judgment when Rose called and advised that an execution had been levied against Davis' property.

The trial court dismissed appellants' complaint, finding that they were obviously negligent and entitled to no relief because of unavoidable casualty. From that judgment comes this appeal.

Appellants assert that the court erred in this finding. After the expiration of the term at which a judgment is rendered it can be set aside only upon the grounds specified in Ark. Stat. Ann. § 29-506 (Repl. 1962), by bill of review in chancery, or for error of law apparent upon the face of the record. *Karoley* v. *A. R. & T. Electronics, Inc.*, 235 Ark. 609, 363 S. W. 2d 120; *Wear* v. *Boydstone,* 230 Ark. 580, 324 S. W. 2d 337; *Jamieson* v. *Jamieson,* 223 Ark. 845, 268 S. W. 2d 881; *Wright* v. *Ford,* 216 Ark. 55, 224 S. W. 2d 50; *Hill* v. *Teague,* 194 Ark. 552, 108 S. W. 2d 889. The setting aside of a judgment on at least one of the statutory grounds, *i. e.,* for unavoidable casualty or misfortune preventing the party from appearing or defending, lies

within the sound judicial discretion of the trial court. *United Order of Good Samaritans* v. *Bryant,* 186 Ark. 960, 57 S. W. 2d 399. See also *Byrd* v. *Brooks,* 216 Ark. 781, 227 S. W. 2d 961. The action of the trial court will not be held erroneous on appeal unless there was an abuse of discretion. *Bartlett* v. *Standard Life and Accident Insurance Co.,* 223 Ark. 37, 264 S. W. 2d 46. Parties served with summons must thereafter take notice of the pendency of the suit and subsequent proceedings. A party seeking relief against a judgment on the ground of unavoidable casualty must show that he has been diligent and without negligence. *Lambie* v. *W. T. Rawleigh Co.,* 178 Ark. 1019, 14 S. W. 2d 245; *Bickerstaff* v. *Harmonia Fire Ins. Co.,* 199 Ark. 424, 133 S. W. 2d 890. There is substantial evidence that appellants were negligent in their attention to the matter, so we cannot say that the trial court abused its discretion in denying relief against the judgment.

Since we find no abuse of discretion in the finding of the trial court that appellants were not without negligence, it is not necessary that we consider whether appellants asserted a meritorious defense.

The judgment is affirmed.

JONES, J., dissents.