DUTTON-LAINSON COMPANY *v.*
Lynn Williams McGEE and NATIONAL
BANK OF COMMERCE, Executors

76-80                                          542 S.W. 2d 739

Opinion delivered October 25, 1976
[Rehearing denied November 29, 1976.]

*Rubens, Rubens & Rainey,* by: *Kent J. Rubens; Winslow Drummond* and *Robert M. Fargarson,* for appellant.

*Hale, Fogleman & Rogers* and *Holcomb, Dunbar, Connell, Mekel, Tollison & Khayat,* Clarksdale, Miss., for appellees.

GEORGE ROSE SMITH, Justice. This is a products-liability

action for wrongful death, in which service upon the appellant Dutton-Lainson Company (one of two defendants) was obtained in Nebraska under the long-arm statute. Ark. Stat. Ann., Title 27, Ch. 25 (Supp. 1975). This appeal is from an order finding Dutton-Lainson to be in default because (*a*) its first pleading, a motion for an additional 15 days in which to plead further, was not signed by a resident Arkansas attorney and (*b*) its next pleading, an answer, was filed too late.

We cannot agree with the trial court's conclusion that the harsh sanction of a judgment by default is called for in this case. Dutton-Lainson engaged a Memphis, Tennessee, attorney, Robert M. Fargarson, to defend the case. Within the time allowed by statute, Ark. Stat. Ann. § 27-1135 (Repl. 1962), Fargarson filed a motion for an additional 15 days in which to plead, alleging that the complaint asserted questions of jurisdiction and venue and other serious questions of law and fact. The motion was signed only by Fargarson, whose Memphis address appeared below his signature. The local rule, requiring that pleadings by a non-resident lawyer be also signed by an Arkansas attorney, closes with this warning: "The Clerk of this Court shall not receive for filing any pleading except in conformity with this rule." The clerk nevertheless accepted and filed Fargarson's motion for additional time. It is basic that a litigant should not be prejudiced by an act of the court, a principle that has been applied to an error of the clerk. *Bartlett* v. *Standard Life & Acc. Ins. Co.*, 223 Ark. 37, 264 S.W. 2d 46 (1954). Here, had the clerk obeyed the local rule by rejecting the proffered motion, Fargarson, who had driven to Marion, Arkansas, to file it, could quickly have associated local counsel in the case, as he had done in the past. (We also call attention to Ark. Stat. Ann. § 27-1136, although its applicability has not been argued by counsel in this case.)

Furthermore, our Uniform Rules for Circuit and Chancery Courts provide that if a respondent opposes a pleading he shall file his response to it within 10 days after service. Rule 2 c, Ark. Stat. Ann., Vol. 3A, p. 136 (Supp. 1975). Here the motion for additional time to plead was served by mail upon plaintiffs' counsel, but they interposed no objection within the 10 days allowed by the rule. Thus the request for time was apparently conceded, by default. In sim-

ple fairness we cannot hold that the parties appellee, who were in themselves in default, can nevertheless take advantage of a similar default on the part of their adversaries.

We need not discuss the jurisdictional question under the long-arm statute, because the order refusing to quash the service of process is not a final appealable ruling.

Reversed.

We agree. HARRIS, C.J., and JONES and BYRD, JJ.